UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

BROOKLYN     DOWNTOWN     HOTEL     LLC,:
HLAM 216 DUFFIELD, LLC *et al*                              :

:                   Case No. 1:15-CV-01578 (PAC)

Plaintiffs,                   :

:

-against-                        :                        **ANSWER**

:

NEW  YORK  HOTEL  &  MOTEL  TRADES:
COUNCIL,    AFL-CIO,    and    INTERSTATE:
HOTELS & RESORTS, INC.                              :

:

Defendants.                   :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Defendant NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO ("Union"),

by undersigned counsel, hereby answers, avers and otherwise responds to the Amended

Complaint filed November 7, 2014 in the Eastern District of New York, transferred to this Court

March 10, 2015 of Plaintiffs Brooklyn Downtown Hotel, LLC et al. as follows:

### Plaintiffs Alleged Nature of Action

1.      Lacks knowledge or information sufficient to form a belief as to the truth of

paragraph 1 of the Amended Complaint.

2.      No responsive pleading is required to the argument set forth in paragraph 2 of the

Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 2 of the

Amended Complaint.

3.      No responsive pleading is required to the argument set forth in paragraph 3 of the

Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 3 of the

Amended Complaint.

4.      No responsive pleading is required to the argument set forth in paragraph 4 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 4 of the Amended Complaint.

5.      No responsive pleading is required to the argument set forth in paragraph 5 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 5 of the Amended Complaint.

**<u>Jurisdiction, Venue and Interstate Commerce</u>**

6.      No responsive pleading is required to the legal allegations of paragraph 6 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 6 of the Amended Complaint.

7.      No responsive pleading is required to the legal allegations of paragraph 7 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 7 of the Amended Complaint.

8.      No responsive pleading is required to the legal allegations of paragraph 8 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 8 of the Amended Complaint.

9.      No responsive pleading is required to the legal allegations of paragraph 9 of the Amended Complaint.    The Union denies the allegations of paragraph 6 of the Amended Complaint.

10.      No responsive pleading is required to the legal allegations of paragraph 10 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 6 of the Amended Complaint.

2

### Approximately 43 Plaintiffs – One Defendant Union

11.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 11 of the Amended Complaint.

12.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the Amended Complaint.

13.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 13 of the Amended Complaint.

14.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 14 of the Amended Complaint.

15.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 15 of the Amended Complaint.

16.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 16 of the Amended Complaint.

17.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 17 of the Amended Complaint.

18.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 18 of the Amended Complaint.

19.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 19 of the Amended Complaint.

20.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 20 of the Amended Complaint.

21.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 21 of the Amended Complaint.

{00636115.DOCX / 3 }

22.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 22 of the Amended Complaint.

23.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 23 of the Amended Complaint.

24.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 24 of the Amended Complaint.

25.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 25 of the Amended Complaint.

26.    Admits the allegations of the first and second sentences of paragraph 26 of the Amended Complaint, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the last two sentences of paragraph 26 of the Amended Complaint.

27.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 27 of the Amended Complaint.

### Conspiracy Theories

28.    Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 28 of the Amended Complaint.

29.    No responsive pleading is required to the speculation stated in paragraph 29 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 29 of the Amended Complaint.

### Alleged Facts

### A.    The IWA

30.    Deny the allegations of paragraph 30 of the Amended Complaint.

31.    No responsive pleading is required to the argumentative characterizations of the collectively bargained Industry Wide Agreement ("IWA") between the Union and the Hotel

4

Association of New York City, Inc. Alternatively the Union denies the allegations of paragraph 31 of the Amended Complaint and refers the Court to Article 60(B) and Addendum IV of the IWA for the terms thereof.

32.     Deny the allegations of paragraph 32 of the Amended Complaint.

33.     No responsive pleading is required to the argumentative characterizations of the collectively bargained Industry Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. Alternatively the Union denies the allegations of paragraph 33 of the Amended Complaint and refers the Court to Article 60(B) and Addendum IV of the IWA for the terms thereof.

34.     Deny the allegations of paragraph 34 of the Amended Complaint.

35.     No responsive pleading is required to the argumentative characterizations of the collectively bargained Industry Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. Alternatively the Union denies the allegations of paragraph 35 of the Amended Complaint and refers the Court to Article 60(B) and Addendum IV of the IWA for the terms thereof.

36.     Deny the allegations of paragraph 36 of the Amended Complaint, aver that many hotels have agreed to the IWA and/or card check neutrality with the Union, and lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 36 of the Amended Complaint.

37.     Deny the allegations of paragraph 37 of the Amended Complaint and respectfully refer the Court to the provisions of the IWA concerning the allegations.

38.     Deny the allegations of paragraph 38 of the Amended Complaint and respectfully refer the Court to the provisions of the IWA concerning the allegations for the terms thereof.

39.     Deny the allegations of paragraph 39 of the Amended Complaint.

40.     Deny the allegations of paragraph 40 of the Amended Complaint and aver that non-union hotels may retain more profit than hotels where the workers are represented by the Union because these non-union hotels pay minimal wages insufficient to support a family in New York City, diverting the necessary sums from the employees to the company.

41.     Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 41 of the Amended Complaint.

42.     Deny the allegations of paragraph 42 of the Amended Complaint.

### B.      Chelsea Engages Interstate to Manage Four Points Chelsea

43.     Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 43 of the Amended Complaint, except aver that Interstate manages certain hotels in New York City.

44.     Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 44 of the Amended Complaint.

45.     Lacks knowledge or information sufficient to form a belief as to the truth of paragraph 45 of the Amended Complaint.

46.     Deny the allegations of paragraph 46 of the Amended Complaint.

### C. The 2004 MOA

47.     Deny the allegations of paragraph 47 of the Amended Complaint but aver that Interstate and the Union entered a Memorandum of Agreement in 2004.

48.     Deny the allegations of paragraph 48 of the Complaint.

### D-E. Arbitration Decisions Sustaining the Union, Confirmed
### by this Court and the U.S. Court of Appeals for the Second Circuit

49.     Deny the allegations of paragraph 49 of the Complaint of the Amended Complaint but aver that Interstate and the Union communicated regarding Chelsea.

{00636115.DOCX / 3 }

50.    Deny the allegations of paragraph 50 of the Amended Complaint and respectfully refer the Court to the decisions of the Office of the Impartial Chairperson of the Hotel Industry of New York City ("OIC"), concerning Chelsea confirmed by this Court and the U.S. Court of Appeals for the Second Circuit.

51.    Deny the allegations of paragraph 51 of the Amended Complaint and respectfully refer the Court to the OIC decisions concerning Chelsea confirmed by this Court and the U.S. Court of Appeals for the Second Circuit.

52.    Deny the allegations of paragraph 52 of the Amended Complaint except aver that Chelsea is bound by the IWA arbitration and card check neutrality provisions, and respectfully refer the Court to the OIC decisions concerning Chelsea confirmed by this Court and the U.S. Court of Appeals for the Second Circuit.

53.    Deny the allegations of paragraph 53 of the Amended Complaint and respectfully refer the Court to the letters dated October 1, 2014 for their full contents.

54.    Deny the allegations of paragraph 54 of the Amended Complaint and respectfully refer the Court to the letters dated October 1, 2014 for their full contents.

55.    Deny the allegations of paragraph 55 of the Amended Complaint and respectfully refer the Court to its decision.

56.    Deny the allegations of paragraph 56 of the Amended Complaint and aver that the Union has applied the arbitration and card check neutrality terms of the IWA before the OIC in a manner consistently upheld by this Court and the U.S. Court of Appeals for the Second Circuit.

57.    Deny the allegations of paragraph 57 of the Amended Complaint.

{00636115.DOCX / 3 }

**F. Plaintiffs' Viral Theory**

58.     No responsive pleading is required to the polemical arguments of paragraph 58 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 58 of the Amended Complaint.

59.     Deny the allegations of paragraph 59 of the Complaint.

60.     No responsive pleading is required to the polemical arguments of paragraph 60 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 60 of the Amended Complaint.

61.     No responsive pleading is required to the polemical arguments of paragraph 61 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 61 of the Amended Complaint.

**G. IWA Card Check/Neutrality Advances the NLRA and May Bind Plaintiffs**

62.     No responsive pleading is required to the legal argument stated in paragraph 62 of the Amended Complaint.  Alternatively, the Union disputes Plaintiff's legal arguments.

63.     No responsive pleading is required to the legal argument stated in paragraph 63 of the Amended Complaint.  Alternatively, the Union disputes Plaintiff's legal arguments.

64.     No responsive pleading is required to the legal argument stated in paragraph 64 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 64 of the Amended Complaint.

65.     No responsive pleading is required to the legal argument stated in paragraph 65 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 65 of the Amended Complaint.

{00636115.DOCX / 3 }

66.      No responsive pleading is required to the legal argument stated in paragraph 66 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 66 of the Amended Complaint.

67.      Deny the allegations of paragraph 67 of the Amended Complaint.

**H. Chelsea May Bind One, More or All Plaintiffs to IWA Article 60(B)/Addendum IV**

68.      No responsive pleading is required to the legal argument stated in paragraph 68 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 68 of the Amended Complaint with respect to the first sentence and lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 68 of the Amended Complaint.

69.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Amended Complaint.

70.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Amended Complaint.

71.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Amended Complaint.

72.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Amended Complaint.

73.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Amended Complaint.

74.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint.

75.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint.

76.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint.

77.    No responsive pleading is required to the legal argument stated in paragraph 77 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 77 of the Amended Complaint.

78.    No responsive pleading is required to the legal argument stated in paragraph 78 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 78 of the Amended Complaint.

## I. Dismissed Anti-Trust Claims

79-101.    No responsive pleading is required to the allegations of paragraphs 79 through 101 of the Amended Complaint which relate to Plaintiffs' Anti-Trust Claims dismissed by this Court.    Alternatively, the Union denies the allegations of these dismissed paragraphs of the Amended Complaint.

## Claim I

102.    The Union realleges and restates its responses to paragraphs 1-101 of the Amended Complaint as if fully set forth here.

103.    No responsive pleading is required to the legal argument of paragraph 103 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 103 of the Amended Complaint.

104.    No responsive pleading is required to the legal argument of paragraph 104 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 104 of the Amended Complaint.

105.    No responsive pleading is required to the legal argument of paragraph 105 of the Amended Complaint.  Alternatively, the Union denies the allegations of paragraph 105 of the

Amended Complaint, except avers upon information and belief that IWA wages, benefits and work rules would be significantly better for Plaintiffs' employees than their current wages, benefits and work status.

106.    No responsive pleading is required to the legal argument of paragraph 106 of the Amended Complaint. Alternatively, the Union denies the allegations of paragraph 106 of the Amended Complaint.

107.    No responsive pleading is required to the legal argument of paragraph 107 of the Amended Complaint. Alternatively, the Union denies the allegations of paragraph 107 of the Amended Complaint.

## Claim II

108.    The Union realleges and restates its responses to paragraphs 1-107 of the Amended Complaint as if fully set forth here.

109.    No responsive pleading is required to the legal argument of paragraph 109 of the Amended Complaint. Alternatively, the Union denies the allegations of paragraph 109 of the Amended Complaint.

110.    No responsive pleading is required to the legal argument of paragraph 110 of the Amended Complaint. Alternatively, the Union denies the allegations of paragraph 110 of the Amended Complaint.

111.    No responsive pleading is required to the legal argument of paragraph 111 of the Amended Complaint. Alternatively, the Union denies the allegations of paragraph 111 of the Amended Complaint, except avers upon information and belief that 2006 or 2012 IWA wages, benefits and work rules would be significantly better for Plaintiffs' employees than their current wages, benefits and work status.

{00636115.DOCX / 3 }

112.    No responsive pleading is required to the legal argument of paragraph 112 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 112 of the Amended Complaint.

113.    No responsive pleading is required to the legal argument of paragraph 113 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 113 of the Amended Complaint.

## Claim III

114.    The Union repeats and realleges its responses to paragraphs 1-113 of the Amended Complaint as if fully set forth here.

115.    No responsive pleading is required to the legal argument of paragraph 115 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 115 of the Amended Complaint.

116.    No responsive pleading is required to the legal argument of paragraph 116 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 116 of the Amended Complaint.

117.    No responsive pleading is required to the legal argument of paragraph 117 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 117 of the Amended Complaint, except avers upon information and belief that 2006 or 2012 IWA wages, benefits and work rule would be significantly better for Plaintiffs' employees than their current wages, benefits and work status.

118.    No responsive pleading is required to the legal argument of paragraph 118 of the Amended Complaint.    Alternatively, the Union denies the allegations of paragraph 118 of the Amended Complaint.

{00636115.DOCX / 3 }

119.    No responsive pleading is required to the legal argument of paragraph 119 of the Amended Complaint.   Alternatively, the Union denies the allegations of paragraph 119 of the Amended Complaint.

## Claims IV - VIII

120 – 163. No responsive pleading is required to the allegations of paragraph 120-163 of the Amended Complaint which relate to Plaintiffs' Anti-Trust Claims dismissed by this Court. Alternatively, the Union denies the allegations of these dismissed paragraphs of the Amended Complaint.

## First Affirmative Defense

164.    The surviving Claims I-III of the Amended Complaint fail to state a claim upon which relief may be granted.

## Second Affirmative Defense

165.    The surviving Claims I-III of the Amended Complaint fail to raise a justiciable controversy or are not otherwise appropriate for declaratory judgment or relief.

## Third Affirmative Defense

166.    The Court in its discretion should not proceed on the surviving Claims I-III of the Amended Complaint.

## Fourth Affirmative Defense

167.    The surviving Claims I-III of the Amended Complaint are barred by the applicable statute of limitations.

## Fifth Affirmative Defense

168.    The surviving Claims I-III of the Amended Complaint are barred by the doctrine of laches.

{00636115.DOCX / 3 }

### Sixth Affirmative Defense

169.    The surviving Claims I-III of the Amended Complaint are barred by the doctrine of arbitration and award.

### Reserved Affirmative Defense

170.    The Union reserves its right to assert further affirmative defenses against the dismissed Claims IV-VIII of the Amended Complaint.

WHEREFORE, the Union denies any entitlement of Plaintiffs to the Relief they request, and requests that the Amended Complaint be dismissed with prejudice and Judgment be entered for the Union, together with whatever further relief this Court deems fair and appropriate.

Dated: New York, N.Y.
        June 23, 2017

                                                PITTA LLP
                                                Attorneys for Defendant Union


                                                Barry N. Saltzman
                                                (bsaltzman@pittalaw.com)
                                                Andrew D. Midgen
                                                (amidgen@pittalaw.com)
                                                120 Broadway, 28th Floor
                                                New York, NY  10271
                                                Telephone:  212-652-3890
                                                Facsimile:  212-652-3891

14